IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GUADALUPE ADAMS, individually )
)
      Plaintiff, )
)
v. ) Case No. CIV-16-313-R
)
PBR PROPERTIES, LLC., )
a Limited Liability Company )
)
      Defendant. )

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment and Brief in Support (Docs. 16 & 17). Defendant has responded (Doc. 18). For the following reasons, Plaintiff's Motion is DENIED.

## Discussion

Plaintiff Guadalupe Adams, who has cerebral palsy and is bound to a wheelchair, brings suit against Defendant PBR Properties, LLC, under the Americans with Disabilities Act ("ADA"). She alleges that Defendant, who owns Meridian Plaza, a shopping center mall in Oklahoma City, has failed to comply with the ADA's requirements in constructing and maintaining its handicap parking spaces and ramps. She asks this court to grant summary judgment in her favor.

a.  **Standard of Review**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of a substantive claim. *Anderson*

1

*v. Liberty Lobby, Inc.*, 477 U.S. 247, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id*. When considering a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**b. The ADA and Its Application**

The ADA forbids discrimination against disabled individuals in major areas of public life, among them places of public accommodation. Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
>
> 42 U.S.C.A. § 12182

The parties do not dispute Ms. Adams's status as disabled or Meridian Plaza's status as a place of public accommodation. The only contested issue is whether Defendant has discriminated against Ms. Adams on the basis of her disability.

Discrimination under Title III of the ADA includes the failure to remove "architectural barriers" in existing facilities where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). In determining whether removal is readily achievable, the statute instructs the Court to consider several factors, including, for example, the nature and cost of removing the barriers, the overall financial resources of the facility and the impact removal would have on the operation of the facility, and the number of persons employed at the facility. 42 U.S.C. § 12181(9).

Ms. Adams offers an affidavit prepared by its expert who recently examined Meridian Plaza. The expert lists several areas in which he believes Meridian Plaza has not complied with the ADA, such as steeply sloped parking spaces and ramps, as well as the lack of handrails in some places. He testifies that the total construction and repair cost to place Meridian Plaza in compliance with the ADA would be nearly $16,000. In response, PBR Properties has produced an affidavit from the Manager of the Meridian Plaza, who explains that the company has tried to comply with the ADA but because of the significant cost required to re-level the parking lot and the safety issues a remodel would invite, conforming to the ADA at this moment is not readily achievable. Because there seems to be a genuine issue of fact as to whether Plaintiff's proposed changes to Meridian Plaza are readily achievable under the ADA, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 30th day of January 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE